## Cavanaugh, Appellant, *v.* Avoca Coal Company.

*Negligence—Master and servant—Mining company—Explosion of boiler—Inspection—Evidence—Act of June 2,* 1891, *art.* 5, *sec.* 1, *P. L.* 176.

In an action against a mining company to recover damages for the death of one of its employees caused by the explosion of a boiler, where the only negligence alleged was a lack of proper inspection, a judgment is properly entered for the defendant where the evidence shows that the boiler, although second hand, had been purchased from a reputable dealer under a guaranty, that both the dealer and the defendant had it carefully inspected and tested it before the purchase, and that thereafter it had been examined every six months by a qualified person within the meaning of the Act of June 2, 1891, art. 5, sec. 1, P. L. 176, that it had been inspected between three and four months before the explosion and reported in good condition and there was nothing to show that the defendant used the boiler while in dangerous or defective condition.

Argued April 13, 1908.    Appeal, No. 322, Jan. T., 1907, by plaintiff, from judgment of C. P. Luzerne Co., May T., 1904, No. 126, for defendant non obstante veredicto in case of William Cavanaugh and Catharine Cavanaugh v. Avoca Coal Company.    Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ.    Affirmed.

Trespass to recover damages for death of plaintiff's son. Before WHEATON, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

*Paul J. Sherwood,* of *Sherwood & Hess,* with him *Wm. H. Hines* and *Edward Lynch,* for appellants.—The act of 1891 imposes no duty of obedience to a statutory officer on the mine owner, compels no hiring of a particular official therein created, takes away none of the owners' rights of control, provides no punishment for running engines or boilers without a certificate

under seal from said official, fails to certify to inspector's competency, authorizes no punishment by imprisonment of owner upon disregard of its provisions, permits the owner to employ and pay a man concerning whose qualifications he is the sole judge, and, lastly, does not require the man so employed to be under bond or subject to a duty to anyone but the owner who employs him : Gulla v. Lehigh Valley Coal Co., 28 Pa. Superior Ct. 11 ; Anderson v. Mfg. Co., 207 Pa. 106 ; McNeil & Bro. Co. v. Steel Co., 207 Pa. 493 ; Ross v. Walker, 139 Pa. 42 ; Prescott v. Engine Co., 176 Pa. 459.

Furthermore, the question of mine inspector's competency under the act of 1891 is a burden of proof upon the employer, not of disproof upon the injured servant : Anderson v. Hays Mfg. Co., 207 Pa. 106.

The act of 1891, art. V, sec. 1, neither changes nor enlarges the common law. The master's duty always was to keep his boilers in " good order," and to have them examined at reasonable intervals. This is a duty imposed on the master before the employee is subject to its risk, and relates to the construction of the plant. Where this duty must be discharged through an officer or agent such officer or agent represents the principal, and his act is the act of the principal. The defendant was bound by the common law and by the act of assembly to see that his boilers " were kept in good order " before its machinery was set in motion and its servants subject to danger : Gulla v. Lehigh Valley Coal Co., 28 Pa. Superior Ct. 11 ; Schiglizzo v. Dunn, 211 Pa. 253 ; Lillie v. Am. Car & Foundry Co., 209 Pa. 161 ; McNeil v. Steel Co., 207 Pa. 493 ; Marsh v. L. V. R. R. Co., 206 Pa. 558 ; Prescott v. Ball Engine Co., 176 Pa. 459 ; Ross v. Walker, 139 Pa. 42 ; Lewis v. Seifert, 116 Pa. 628 ; Penna., etc., Canal & R. R. Co. v. Mason, 109 Pa. 296.

*John McGahren*, with him *P. A. O'Boyle*, for appellee.— The operator of a coal mine fulfills the measure of his duty to his employees if he commits his work to careful and skillful bosses and superintendents, who conduct the same to the best of their skill and ability : Waddell v. Simonson, 112 Pa. 567 ; Snodgrass v. Steel Co., 173 Pa. 228 ; Redstone Coke Co. v. Roby, 115 Pa. 364 ; Anderson v. Hays Mfg. Co., 207 Pa. 106.

OPINION BY MR. JUSTICE POTTER, June 23, 1908:

In this action the parents of Malachi Cavanaugh sought to recover damages for his death, which they alleged was the result of the negligence of the defendant company. Cavanaugh was twenty-three years of age, unmarried and lived with his parents. He was employed by the defendant, the Avoca Coal Company, Limited, at its colliery at Avoca, Luzerne county, Pa., as fireman in the boiler house. On July 17, 1903, about 7 A. M., one of the boilers in charge of Cavanaugh exploded, and he was killed. It was alleged by plaintiffs that the explosion was due to the negligence of defendant. The boiler which exploded was one of a group of seven and was the last of the seven installed in defendant's works. It was purchased second hand, about March, 1899, and used by defendant about four years and four months. Plaintiffs charged that the boiler was not in good condition when purchased, and that it was not properly inspected, and that it was never fit for use while in defendant's possession, and that if it had been properly inspected its condition would have been discovered and the explosion would not have occurred.

Defendant denied that the boiler was unsafe and contended that the explosion was due to low water caused by the neglect of Cavanaugh himself to fill it at the proper time. The company also alleged that the boiler had been regularly inspected and reports made every six months, in compliance with the requirements of the Act of June 2, 1891, art. 5, sec. 1, P. L. 176, the inspection being made by Edward Newlin, an employee of defendant, who was claimed to be "a qualified person" within the meaning of the act. An inspection was made on April 1, 1903, between three and four months before the explosion, and Newlin then reported the boiler as safe and in good condition.

The trial judge refused a request to give binding instructions for defendant, and submitted the case to the jury, who found a verdict for plaintiffs. Subsequently upon a motion for judgment non obstante veredicto, the court entered judgment for the defendant. Its action in so doing is here assigned for error by plaintiffs. It appears from the evidence that the defendant company purchased the boiler from Mr. Touhill, a reputable dealer, under a guaranty that it could be

safely used at a working pressure of 100 pounds of steam to the square inch. That before selling it to the defendant Mr. Touhill had the boiler tested by the hydrostatic test, at a pressure of 150 pounds, and found it all right. In addition to this Mr. Newlin, an expert machinist and master mechanic, was employed by the defendant to examine and test the boiler before it was purchased ; and he made an examination and tested it by what is known as the " hammer test; " and reported the boiler as satisfactory. Afterwards, while the boiler was in use, it was examined every six months for the purpose of making a report to the mine inspector. We do not find anything in the evidence to indicate that Mr. Newlin, the inspector, was incompetent or that he was not a proper person to have the oversight and care of the boiler. On the contrary, the evidence is positive that he was competent for the work, and that he was selected for that purpose with care and judgment. As the learned judge says, " There is nothing in the evidence to show that these various inspections and examinations were made in a perfunctory and careless manner ; nor is there anything in the evidence to show that the defendant company, being the owner of such boiler, relied for its information as to the condition of said boiler, upon anyone except the qualified inspector selected and by them designated pursuant to the act of assembly, for the purpose of inspecting and examining the same." We find no evidence in the case of any lack of proper inspection or care. On the contrary, it appears that everything which the knowledge of a careful and prudent man could suggest in the care and maintenance of the boiler, was done. If there was anything in the evidence tending fairly to show that the owner used the boiler while in a dangerous or defective condition, it would of course be answerable for any damages resulting therefrom, but there is an entire absence of any such testimony.

The evidence does disclose circumstances from which other reasons for the explosion, than those alleged by plaintiffs, may fairly be inferred. It may have been owing to failure to supply water to the boiler at proper intervals, or to the fireman permitting the boiler to become overheated and then admitting cold water. But whatever may have been the cause, it is sufficient to say that, in so far as concerns the allegation that the

explosion was due to the lack of competent and careful inspection and examination of the boiler by the representatives of the defendant company, there was not sufficient evidence to justify the submission of the question to the jury. We find no conflict of evidence as to any material fact, or any reason why there should not have been a binding instruction in favor of the defendant.

We agree with the conclusion reached by the court below, and the judgment is affirmed.